J. O. CARTER, Administrator of the Estate of HENRI G. McGREW, deceased, *v.* THE MUTUAL LIFE INSURANCE COMPANY, of New York.

MOTION FOR REHEARING.

SUBMITTED OCTOBER 5, 1895.          DECIDED OCTOBER 5, 1895.

JUDD, C.J., FREAR, J., AND C. BROWN, ESQ., A MEMBER OF THE BAR, IN PLACE OF MR. JUSTICE BICKERTON, ABSENT FROM ILLNESS.

A case had been sent up on reserved questions from the Circuit Court, First Circuit, to the Supreme Court. A decision was made in the Supreme Court and the cause sent back to the Circuit Court for further proceedings. Judgment was entered in the Circuit Court for plaintiff. The defendant then petitioned the Supreme Court for a rehearing.

Held, that, on motion supported by affidavit, an order may be made remanding the cause to the Supreme Court and staying further proceedings in the Circuit Court.

OPINION OF THE COURT BY JUDD, C.J., DELIVERED ORALLY.

Mr. Thurston for the defendant company presented a motion for a rehearing of this case, alleging error in our decision, filed August 12, 1895. Messrs. Carter & Kinney for the plaintiff, objected to the court's entertaining this motion because the case had been sent back to the Circuit Court for further proceedings and that court had ordered judgment for the plaintiff, which had been entered. The cause is not at present in the Supreme Court.

It is the last day of this term, and therefore it is essential that this question of practice should be decided now. We have heard the views of counsel upon it, and the best conclusion at which we can arrive is, that there may be cases where a reserved question that has come to this court can be reconsidered upon motion and a review granted without the production of any other papers than those which legitimately belong to this court; that is, the reserved question and the decision.

Now without committing ourselves to the proposition that in every case where questions have been reserved to this court the cause, that is, the action itself and the further proceedings of the Circuit Court must be brought into this court, it seems to us that in the case before us, on a review of our decision made therein (see *ante*, p. 117), more especially with reference to the divorce proceedings, it is essential to the defendant now asking for review, that the whole cause be here. Whether the cause can be brought back to the court upon motion supported by affidavit is the question. I have looked over the Writ of Error Act, and that does not apply, because errors from the Supreme Court to the Supreme Court are expressly disallowed. It does not seem that *certiorari* would reach this case either, because it would be absurd to treat a decision of the Circuit Court as a nullity where it is in conformity with our decision. How then can it be reached. We must concede that for the purposes of this motion for a rehearing this court committed an error in its former decision. Now there must be some

way in which the attention of the court can be drawn to the question whether we have committed an error or not, and so we think that in this case the cause may be brought to this court by a motion which sets out the facts, supported by affidavit. You can see that if we concede Mr. Thurston's bald proposition that any cause that the court has decided is subject to review, it would enable any one of the cases reported in the volumes of our reports to be brought up. In cases of this nature (petitions for rehearing) the question of laches enters largely and what the status of the case is. If the judgment had been paid in this case that would be the end of it. I doubt very much if the court would review a decision which has been pursued to the end and judgment satisfied. In other words, so far as this action is concerned, we would have to have judicial knowledge of not only the cause of action, but the exhibits that were produced, and more especially the results which were reached in the Circuit Court, in order to do justice.

We think it would be proper for a motion supported by affidavit to be made, asking that the cause be sent back to this court, of which counsel should have notice.

*Kinney & Ballou,* for plaintiff.

*L. A. Thurston,* for defendant company.